(85 South. 222.)

No. 23968.

## RAU v. OHERDA.

### In re RAU.

(May 31, 1920. Rehearing Denied June 30, 1920.)

*(Syllabus by the Court.)*

Appeal and error ⬤⟝ 1175(2)—Judgment on the merits, in case not decided by trial court, is premature.

On an appeal to a court of appeal from a judgment dissolving a writ of sequestration, on a rule in a case which has not been put at issue in, or decided by the trial court, a judgment on the merits by the appellate court is premature and unauthorized, and will be set aside.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Max Rau against Mrs. A. Oherda, in which plaintiff obtained a writ of sequestration. Writ dissolved on motion, and plaintiff appealed, and, pending defendant's exceptions in the district court to the sufficiency of the petition, the Court of Appeal decided that the sequestration was partly wrongful and should be dissolved in part and maintained in part, and plaintiff applies for certiorari or writ of review. Judgment set aside, and cause remanded to Court of Appeal.

Charles Rosen and J. D. Dresner, both of New Orleans, for applicant.

George Montgomery, of New Orleans, for respondent.

MONROE, C. J. Plaintiff brought this suit for the price of goods sold and delivered, and claiming $200 as a balance due on a bill for $500, and alleging nonpayment after demand, a vendor's privilege, and the fear that defendant would either send the property out of the jurisdiction or conceal or dispose of it during the pendency of the suit, obtained a writ of sequestration, under which a seizure was made, and which defendant thereafter moved to dissolve, on the ground that the affidavit was untrue. The rule having been made absolute and the writ dissolved, with attorney's fees, and a reservation of the right to claim further damages, plaintiff appealed, and thereupon, on May 1, 1919, defendant filed, in the district court, exceptions to the effect that the allegations of the petition were too vague to permit an answer; that she is a married woman, and cannot be sued for a debt of the community; that she is entitled to oyer of the statement mentioned in the petition; and that the petition fails to state whether plaintiff is suing on a contract or quantum meruit, and, if on a contract, whether it is verbal or written. On June 24 following, defendant moved that she be permitted to obtain the release of the sequestered property upon furnishing bond in the sum of $300, and we gather from the pleadings that the bonding was allowed. That being the situation in the district court, the Court of Appeal handed down an opinion, probably in the early part of February, 1920, in which it held that there had been two contracts, by one of which defendant had bought furniture at the agreed price of $300, and by the other of which she had made a similar purchase to the amount of $200; that the $300 lot had been paid for, and that the sequestration of it had been wrongful, and should be dissolved, but that the sequestration of the $200 lot was authorized and should be maintained. The decree, however, reads as follows:

"For the reasons assigned, it is therefore ordered * * * that the judgment of the lower court be annulled * * * in so far as it made absolute the rule dismissing the writ of sequestration, * * * and that there now be judgment in favor of said plaintiff * * * and against the defendant * * * in the full sum of $200 with legal interest thereon from judicial demand until paid, together with recognition of plaintiff's lien and vendor's privilege, but only and solely upon the lot of furniture which was the subject of the said second contract, and which furniture is now held by plain-

tiff under his writ of sequestration. It is further ordered * * * that there be judgment in favor of Mrs. A. Oherda, * * * recognizing her as the owner of the furniture sequestered * * * by said Max Rau, and which is now in his possession, and which was paid for in full to the value of $300, and was the subject of the first contract, * * * and that said plaintiff be ordered to return to said Mrs. Oherda * * * the said furniture, wrongfully and illegally sequestered and seized by him, reserving the right of defendant for such damages, if any she have suffered through the wrongful sequestration. * * *"

The reasons assigned by our learned Brethren for proceeding to decide the case on the merits are that the trial judge had admitted testimony, on the hearing of the rule to dissolve, "which actually resulted in a trial * * * on the merits," and that the remanding of the case would serve no useful purpose, and would entail unnecessary expense. The case has, however, never been put at issue, the trial judge has rendered no judgment, on the merits, and a good deal of the testimony heard on the trial of the rule was admitted over plaintiff's objection. The judgment, as rendered, was therefore beyond that which either of the litigants were asking, or had the right to ask, and beyond that which the appellate court had jurisdiction to render. We conclude, under the circumstances, as the decree does not altogether conform to the reasons assigned therefor, and as there seems to have been some misapprehension as to the possession of the furniture, that it would be advisable that the entire judgment be set aside, without any expression from this court as to its merits, either as regards the rule to dissolve or the main controversy.

It is therefore ordered that the judgment here made the subject of review be set aside, and the case remanded to the honorable, the Court of Appeal, to be there proceeded with in accordance with the law and with the views hereinabove expressed, the cost of this proceeding to be paid by defendant in the suit, all other costs to await the result.